JOHN WYATT, Plaintiff in Error, *v.* JOHN HEADRICK, Defendant in Error.

### ERROR TO GREENE.

If a plea has been filed in the Circuit Court, and immediately withdrawn, and retained until after a judgment has been rendered by default, and is then placed among the papers, for the purpose of entrapping the plaintiff, the Circuit Court may, at any time, even after error brought, upon request, strike such plea from the files.

THIS was an action of assumpsit on a note, brought by defendant in error. The declaration contained one count, on the note. The defendant below, by consent of plaintiff's counsel, was given time to plead, the rule expired, and there was a judgment by default, for want of plea, for amount of note. Afterwards, a plea of the general issue, bearing file of date prior to judgment, appeared of record. Defendant below sued out a writ of error, and at the last term of the Supreme Court, assigned for error the rendition of judgment with an unanswered plea on file. The cause was continued, by consent, till the present term of this court.

At April term, 1858, of the Greene Circuit Court, defendant in error, having given previous notice, moved the said court to strike said plea from the record, for reasons filed, and appearing of record. Plaintiff in error appeared, and on his application, the motion was continued. At a special term of the said Greene Circuit Court, begun 23rd of August, 1858, said motion was heard and allowed, and said plea stricken from the files as no part of the record; all of which proceedings are, by leave of the court, made part of the record in this court, by filing of a certified copy at this term; and thereupon, errors assigned are joined.

W. D. WYATT, and J. B. WHITE, for Plaintiff in Error.

KNAPP & CASE, for Defendant in Error.

CATON, C. J. A state of case may well have existed which authorized the court below to strike the plea from the files, even after error brought. Instances have occurred where a plea was handed to the clerk, and marked as filed; and then, instead of being left with the papers, that it might be seen and answered by the other party, it has been withdrawn till after a judgment by default, and then placed among the papers, for the mere purpose of entrapping the plaintiff into an erroneous judgment by default. In such a case, it would be the duty of the Circuit Court to strike the plea from the files, at any time when called upon to do so. Whether this is such a case, we have not examined to see, as that question is not before us. No complaint is now made that the plea was improperly stricken from the files, for upon that decision no error is assigned. It is, therefore, admitted that it was correctly done.

That cured the only error which is complained of, which is the rendering a judgment by default, when there was a plea upon the files. It having been properly stricken from the files it ceased to be a part of the record of the cause, and is to be considered as if it had never been there.

The judgment must be affirmed.

*Judgment affirmed.*